Reese, J.
delivered the opinion of the court. ■
The bill of indictment, in the case before us, contains three counts, upon the second and third of which, the jury in their verdict pronounced the defendant not guilty, and upon the first óf which, he was, by the verdict, found guilty. The circuit court, upon this finding, arrested the judgment, and the State has appealed in error to this court. The count of the indictment thus brought under our consideration, is intended to be founded upon the first section of the act of 1842, ch. 48. That section provides, that whoever shall felo-niously obtain, or get into possession, the personal goods or choses in action of another, by means of any false or fraudulent pretence, shall be guilty of felony, &c. The indictment charges that one W. A. Brown and the defendant “felo-niously and unlawfully did pretend” to the prosecutór that they would play with him a game at cards, commonly called a game of poker, for money, by means of which, the said prosecutor “would realize large gains, as the said Brown would act as the friend of said prosecutor, in said game;’ and then the indictment proceeds, that, “by means of said false pretence, they sat down to play at said game; and that Brown and defendant, without winning at the- said game, took possession of, obtained and carried away a large amount of money, to wit, eight hundred dollars, in gold coin, the. property of said Dennis Murphy, (the prosecutor,) falsely and fraudulently pretending that he, the said Tate, had won the same from said Dennis Murphy, with intent then and there to cheat and defraud him, the said Dennis Murphy, of the same;” and the indictment goes on to allege that they had not won the same.
W e shall not enquire into the efiect of the 3rd sec. of the *426 act referred to upon the indictment before us, but limit our-, selves to the question, whether, upon the general terms of the first section, the indictment can be held to be good. The gravamen of that section is, the party feloniously obtaining and getting possession of the goods or money, by means of false and fraudulent pretence. This indictment does not allege that the defendant feloniously obtained or got possession of the money by false and fraudulent pretence; but the indictment alleges that, the defendant feloniously pretended that he would play a game at poker, and “that without winning at said game, took possession of and obtained and carried away” the money, “falsely and fraudulently pretending he had won it.” Here it is not alleged, either in form or substance, that the getting possession of and obtaining the money was done feloniously. The felony, by the statute, consists *427 in the getting of possession feloniously, by-means of false and fraudulent pretence, and must be so charged. This point was decided in the case of Johnson vs. State,, and, indeed, must be obvious in reason and upon principle, if there were no precedent; then the statutory oifence is not charged, even in substance.
*426 NOTE. — The following case was decided at the April term, 1845, at Jackson.
Johnson was indicted in the'circuit court of Henderson county, for feloniously obtaining by a false pretence a bank note of the value of $20, the property of James Brooks. The first count is for a larceny; the second charged that Johnson, on the 2d day of May, 1842, feloniously, falsely and fraudulently pretended that he, the said R. Johnson wished to look at a certain bank note payable at the Planters Bank of Tennessee to R. R. Rice or bearer for twenty dollars of the value of $20, which said bank note was then and there the property and in the possession of one James Brooks, by which said felonious, false and fraudulent pretenee, he, the said Richard Johnson, did then and there unlawfully obtain from said James Brooks the said note payable as aforesaid and of the value aforesaid, the same being then and there the property and in the possession'of said Brooks— whereas, in truth and in fact, Johnson did not wish to look at the said bank note payable as aforesaid, the property and in the possession of Brooks as- aforesaid; but that the said Richard Johnson then and there, by such false and fraudulent pretence, intended at the time to steal the same,” &c.
The defendant pleaded not guilty, was found guilty, and his time of service fixed at three years — he moved in arrest of judgment; which being overruled and judgment rendered, he appealed in error.
Bulloch, for the plaintiff-'in error.
The indictment is defective. — 1st. It does not charge, in the words of the statute, that the bank bill was feloniously obtained. — Acts of 1841-2, p. 66; Archbld. 245, 246.
2nd. The charge in the indictment that he wished to look at the bill, is not such a false pretence as is required to constitute the offence charged, either by common law or by the statutes.
*427 The judgment of the circuit court will be affirmed and the defendant discharged.
Attorney General, for the State.
12 Johnson’s Rep. 291; 7 Johnson’s Rep. 201.
Reese, J. delivered the opinion of the court.
This is an indictment against the plaintiff in error for feloniously possessing himself of a hank note, the property of one James Brooks, by a false pretence, with the purpose to steal the same. The principal error supposed, in the argu-' ment of the prisoner’s counsel, to exist in the case, is, that the indictment does not allege the obtainment of the notes to have been felonious. This, we think, is a mistake of fact and of construction. The indictment set's forth that the prisoner “feloniously, falsely and fraudulently pretended that he wished to look at a certain bank note, payable,” &e. If the word, feloniously,. had been used only in this introductory manner, it is readily conceded that it would not have been sufficient. But the indictment proceeds: “by which said felonious, false and fraudulent pretence, he, the said Richard Johnson, did then and there unlawfully obtain,” &c. What is the sense, what is the substance of this allegation? Why, it is that the prisoner, by means of the false, fraudulent and felonious pretence, ob--tained possession, &e. Here the felonious means are predicated of the obtainment and not the less so, that the' adverb “unlawfully” is superadded as a qualifying term. The indictment afterwards alleges that the “said Richard Johnson then and there, by such felonious, false and fraudulent pretence, intended at the time feloniously to steal the same.” We think the act, purpose and intention of the prisoner, are throughout sufficiently qualified by the use of the important words “felonious” and “feloniously.” There is nothing, therefore, available to the prisoner in this objection. It is unnecessary to go into a discussion of the proof; for we are satisfied that the evidence upon the record sufiiciently sustains the verdict Upon the whole, we affirm the judgment.